UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-cv-62026


S. RYAN STRAUSS,

      Plaintiff,

v.

THE CBE GROUP, INC. and
JOHN DOE
      Defendants.

_____/

## **COMPLAINT**
## **JURY DEMAND**

1.     Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Florida Consume Collection Practices Act, Fla. Stat. § 559.55 et. seq. ("FCCPA").

## **JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 28 U.S.C. §§1331. Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant, The CBE Group, Inc. ("CBE") placed telephone calls into this District.

3.     This Court has supplemental jurisdiction under 28 U.S.C. 1367 to hear and decide any related state law issues.

4.     The Court has the authority to grant injunctive relief under Fla. Stat. §934.10.

## PARTIES

5.     Plaintiff, S. RYAN STRAUSS ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

6.     Defendant, CBE, is subject to the provisions of Fla. Stat. 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.55(1).

7.     Defendant, CBE, is a corporation with its principal place of business at 1309 Technology Parkway, Cedar Falls, IA 50613.

8.     Defendant, CBE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9.     Defendant, CBE, regularly collects or attempts to collect debts for other parties.

10.     Defendant, CBE, is a "debt collector" as defined in the FDCPA.

11.     Defendant, CBE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12.     Defendant, John Doe, is a business entity, which is the creditor on whose behalf, CBE, was attempting to collect an alleged debt.

13.     Because John Doe is the creditor on whose behalf CBE placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

14.     Beginning on or around April 18, 2014, Defendant, CBE, acting on behalf or at the request of John Doe, attempted to communicate with Plaintiff on his cellular telephone with pre-recorded messages and/or using an Automatic Telephone Dialing System ("ATDS").

15.     The Debt arose from services provided by John Doe which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5)

16.     On several occasions, Plaintiff answered his cellular telephone and was greeted with "dead air" for approximately 2-5 seconds and then transferred to a live employee, and then told the call was being recorded, collectively known as ("phone calls").

17.     The phone calls placed by Defendant, CBE, were "communications" as defined by 15 U.S.C 1692a(2).  See Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945 (D. Minn. 2008); Berg v. Merchs, Ass'n Collection Div., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

18.     On numerous times, Plaintiff instructed Defendant they did not have permission to call him on a recorded line.

19.     On numerous times, Plaintiff instructed Defendant to stop the phone calls.

20.     Defendant, CBE, placed several more phone calls to plaintiff on recorded telephone lines.

21.     None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

22.     Defendants willfully or knowingly violated the TCPA.

**COUNT I**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION**
**ACT REGARDING CBE AND JOHN DOE**

23.     Plaintiff incorporates Paragraphs 1 through 22.

24.     Defendant CBE, or others acting at its request, on behalf of John Doe, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, CBE, and JOHN DOE for:

    a.     Damages;

    b.     a declaration that Defendants calls violate the TCPA;

    c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.     Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA 15 U.S.C.§1692 et. seq.

25.     Plaintiff incorporates Paragraphs 1 through 22.

26.     The Defendant, CBE conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27.     The Defendant, CBE, conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass. See Dunning v. Portfolio Recovery Associates, LLC, 903 F.Supp.2d 1362 (S.D.Fla.2012).

28.     The Defendant, CBE, conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CBE for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT III
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

29.     Plaintiff incorporates Paragraphs 1 through 22.

30.     In collecting consumer debts, no person shall… willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

31.     Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff.

32.     Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), 559.72(18).

33.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

34.     Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

35.     Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, CBE, for:

   a.  Damages, both statutory and actual;

   b.  Declaring that Defendant's practices are in violation of the FCCPA;

   c.  Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

   d.  Attorney's fees, litigation expenses and costs of suit; and

   e.  Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

S. Ryan STRAUSS, ESQ.
PRO SE
2825 NE 26th St.
Ft. Lauderdale, FL 33305
Telephone: 954-557-5702
sryanstrauss@outlook.com

By: s/ S. Ryan Strauss
     S. Ryan Strauss, Esq.
     Florida Bar No. 74425