UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62026-CIV-COHN/SELTZER

S. RYAN STRAUSS,

Plaintiff,

v.

THE CBE GROUP, INC. and
JOHN DOE,

Defendants.
______________________________/

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

COMES NOW, Defendant THE CBE GROUP, INC. ("Defendant"), by and through its undersigned counsel, and hereby answers Plaintiff's Complaint as follows:

1. Admitted that Plaintiff seeks relief under the named statutes but denied that Plaintiff is entitled to any relief thereunder.
2. Admitted for jurisdictional purposes only. Otherwise, denied.
3. Admitted for jurisdictional purposes only. Otherwise, denied.
4. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
5. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
6. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
7. Admitted.

8. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
9. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
10. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
11. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
12. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
13. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
14. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
15. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
16. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
17. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
18. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

19. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
20. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
21. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
22. Denied.
23. Defendant reasserts its responses to paragraphs 1 through 22 of Plaintiff's Complaint as stated above.
24. Denied.
25. Defendant reasserts its responses to paragraphs 1 through 22 of Plaintiff's Complaint as stated above.
26. Denied.
27. Denied.
28. Denied.
29. Defendant reasserts its responses to paragraphs 1 through 22 of Plaintiff's Complaint as stated above.
30. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
31. Denied.
32. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

33. Defendant is without knowledge sufficient to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.
34. Admitted that Plaintiff seeks the relief stated but denied that Plaintiff is entitled to such relief.
35. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as he has suffered no injury-in-fact as the result of any act or omission by Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that any violation of federal or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

**THIRD AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that the Plaintiff provided prior express consent to receiving calls made using an automated telephone dialing system and/or an artificial or prerecorded voice on his cellular telephone.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that Plaintiff’s claims are barred in whole or in part by the applicable statute(s) of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as he is neither a debtor nor alleged debtor.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting any liability whatsoever, that Plaintiff cannot recover attorney's fees as he is proceeding *pro se*.

**JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808