UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-cv-62026 COHN/SELTZER

S. RYAN STRAUSS,

     Plaintiff,

v.

THE CBE GROUP, INC.,
LIVEVOX, INC., and
JOHN DOE
     Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, S. RYAN STRAUSS, pursuant to Federal Rule of Civil Procedure 33, 34 and

37, Southern District of Florida Local Rule 26.1(h), and respectfully moves this Court to enter an

order overruling Defendant's objections to Plaintiff's discovery requests, directing CBE to

supplement its discovery responses, and provide any other remedy the Court deems fit and in

support thereof, states as follows:

1. This case concerns claims in violation of the Telephone Consumer Protection Act

   (TCPA), Fair Debt Collection Practices Act (FDCPA), and the Florida Consumer

   Collection Practices Act (FCCPA).

2. Plaintiff served his first set of discovery requests on October 20, 2015.  [See attached

   Exhibit A].

3. On December 11, 2015, the Court granted Plaintiff's Motion to Compel and ordered

   Defendant, CBE Group, to serve on Plaintiff supplemental responses to Plaintiff's

   Interrogatories and Request for Production on or before December 23, 2015.  [See DE

   29].

4. Defendant served its Responses and Objections on December 22, 2015. [See Exhibit B – Interrogatories, Ex. C – Request for Production].

5. Plaintiff conferred with opposing counsel for better answers and production of documents; unsurprisingly, Defendant refuses to cooperate in meaningful discovery. [See attached highlighted Exhibit B – Highlighted Interrogatories Ex. C – Highlighted Request for Production] [Ex. D Emails].

6. Plaintiff seeks to compel better answers to Interrogatories: 1, 3-4,7-8, 13-15, 19, 22-25 and to produce the documents associated with Plaintiff's requests to produce: 7-8, 10-15, 17, 19, 24-29, 37-40, 42-44 (discussed below).

## **MEMORANDUM OF LAW**

Defendant makes numerous objections on the grounds that the requests are not relevant, unduly burdensome, overly broad, and are beyond the scope of this matter, proprietary or confidential. Defendant is wrong. With respect to discovery, the parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and, while discovery requests must be reasonably calculated to lead to the discovery of admissible evidence, information does not need to actually be admissible at trial for it to be discoverable. Fed. R. Civ. P 26(b)(1). As to relevancy, whether a matter is "relevant" to a case should be construed broadly, and wherever a privilege is asserted, it should be construed narrowly:

> It is said that inquiry may be made under these rules, epitomized by Rule 26, as to any relevant matter which is not privileged; and since the discovery provisions are to be applied as broadly and liberally as possible, the privilege limitation must be restricted to its narrowest bounds.
> Hickman v. Taylor, 329 U.S. 495, 506 (U.S. 1947).

The Federal Rules strongly favor full discovery whenever possible. Moore v.

2

Armour Pharmaceutical Co., 927 F. 2d 1194 (11th Cir. 1991). To resist the wide scope of discovery, Defendant must demonstrate that the information sought is improper or unreasonable. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985). Defendant has not done so.  Pursuant to Local Rule 26.1(g), when asserting a claim of privilege, a party must provide a privilege log, detailing the type of document, the software application used to create it if it is electronically stored; the general subject matter of the document; the date of the document; and any such other information as is sufficient to identify the document. Local Rule 26.1(g)(3)(B). Defendant has not done so.   When responding to interrogatories, "each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." See Fed. R. Civ. P. 33(b)(3).   Further, a party may produce records instead of responding only "if the burden of deriving or ascertaining the answer will be substantially the same for either party". See Fed. R. Civ. P 33(d).  "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 2001 WL 34079319 (S.D. Fla. Nov 1, 2001).   Thus, pursuant to Local Rule 26.1(h)(2), Plaintiff moves to compel the following requests, recited verbatim:

### DEFENDANTS RESPONSES TO INTERROGATORIES

**Interrog. No. 1:**  State the date and time (using Eastern Standard Time) for each occasion that Defendant telephoned Plaintiff's telephone number for the time period of 4 years before the date of the filing of the initial Complaint up until the present moment. (Plaintiff requests that Defendant provide a numerical response to this interrogatory as opposed to reference to Defendant's proprietary records because such records routinely contain codes and abbreviations the meaning of which is known only to Defendant which thereby prohibit Plaintiff from determining the number of calls by reading such records).

**Defendant's Response:** Please see account notes previously produced.

**Legal reason No. 1**:  Merely, instructing the Plaintiff to see the account notes previously provided does not answer the question.  The Defendant does not provide any legal reason for failing to answer the question.  Pursuant to Fed. R. Civ. P 33(d), a party may produce records instead of responding only "if the burden of deriving or ascertaining the answer will be substantially the same for either party." See Fed. R. Civ. P 33(d). Defendant's records contain codes and abbreviations which the Plaintiff is unable to decipher and can only be done by the Defendant.  [See Ex. E - Account notes].

**Interrog. No. 3**:  For each call identified in Defendant's response to No. 1 and No. 2, state whether Defendant used any form of automated dialing equipment to place the call.

**Defendant's Response:** Objection. Defendant objects to this request on the grounds that it is vague, ambiguous and confusing. Specifically, Plaintiff has failed to define "automated dialing equipment" which renders this request vague, ambiguous and confusing. Additionally, to the extent that Plaintiff is using "automated dialing equipment" interchangeably with the "automated telephone dialing system", this interrogatory impermissibly calls for a legal conclusion. See, e.g., Legg v. Voice Media Group, Inc., 13-62044-CIV-COHN, 2014 WL 1767097, at *4 (S.D. Fla. May 2, 2014).

**Legal reason No. 3**:  Plaintiff's interrogatory is not vague, ambiguous or confusing nor does it call for a legal conclusion.  Under the TCPA, Plaintiff has the burden to prove that the Defendant used automated dialing equipment or automatic telephone dialing system (hereinafter "ATDS") when calling Plaintiff's cellular telephone.  Ironically, the Defendant had no problem coming to the "legal conclusion" when responding to interrogatory no. 4 below that "28 of the 30 calls… were dialed manually."  As noted above, Plaintiff has no way of knowing which calls were automated v. manually dialed.  Since the Defendant is able to distinguish between a manual call and a call that is generated by other means, answering the above interrogatory is neither vague or confusing.   Thus, the Defendant should be compelled to answer interrogatory 3.

**Interrogatory No. 4**: For each call identified in Defendant's response to No. 1 and No. 2, state whether or not Defendant dialed the telephone number manually.

**Defendant's Response:** 28 of the 30 calls in question were dialed manually. Those calls are designated accordingly on the account notes previously produced.

**Legal Reason No. 4**:  Same as legal reason No. 1 an No. 3 above.

**Interrogatory No. 7**:  State the name and current or last known residential and business addresses of every person who Defendant will or may call as a witness in this case, as well as the subject matter of that persons knowledge, the date and manner the knowledge was acquired and identify any documents consulted or otherwise relevant to the establishment of that persons knowledge.

**Defendant's Response:** Undetermined at this time as fact investigation is ongoing.

**Legal Reason No. 7**: The defendant failed to answer this question.  This interrogatory is

relevant so the Plaintiff can adequately prepare for litigation and any pending pre-trial motions.

It is impossible for defendant to be to not know, at the very minimum, the people be a witness.

Such witnesses may have vital information about the case and the Plaintiff, with leave of Court,

may wish to depose these individuals or do a background check to determine the credibility of

the witness, including, but not limited to obtaining certified convictions of a felony or crimes of

dishonesty.  Such issues go to weight, and Plaintiff would be substantially prejudiced if he was

not allowed to thoroughly prepare for trial by investigating any potential witnesses background.

**Interrog. No. 8**: State the name and current or last known residential and business addresses of every person who has knowledge of the facts of this case and the subject matter of that knowledge, the date and manner the knowledge was acquired and identify any documents consulted or otherwise relevant to the establishment of that persons knowledge.

**Defendant's Response:** Corporate Representative of CBE c/o Golden Scaz Gagain, PLLC, 201 North Armenia Ave, Tampa, Florida 33609

**Legal Reason No. 8**:  Same as legal reason No. 7 above.

**Interrog.  No. 15**: Identify by name of manufacturer, address of manufacturer, model number and date of acquisition the telephone equipment Defendant or any person acting on its behalf used to place each of the calls identified in Interrogatory No. 1 and 2.

**Defendant's Response:** Each call at issue was placed through either LiveVox or Noble Dialing System. CBE does not know the identity "by name of manufacturer, address of manufacturer, model number and date of acquisition the telephone equipment" used to

place the calls at issue.

**Legal Reason No. 15**:  First, this information is important to the Plaintiff's case-in-chief to establish if the Defendant used an ATDS at the time it called the Plaintiff's cellular telephone and which model (LiveVox and Noble Dialing system have several models) had the capacity to dial telephone numbers consistent with the F.C.C.'s most recently published opinion.  FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption; et al, (July 10, 2015), ("FCC RUL. 07-232").  Manufacturers provide an operating manual with dialing system software, including information on how the dialing system operates.  The manual for Defendant's ATDS will show whether the device meets the definition of an ATDS under the TCPA, namely, whether it can dial telephone numbers without human intervention. See Paul v. Syndicated, Case No. 12-CIV-61547-WPD/Snow (DE 53 P. 5) (S.D. Fla. Feb. 28, 2013); Rubin v. Northland Group, Inc., Case No. 12-80320-Civ-Ryskamp/Hopkins (S.D. Fla.August 13, 2012); Pollock v. Northland Group, Inc., Case No. 12-80335-Civ-Ryskamp/Hopkins (S.D. Fla. August 22, 2012).

**Interrog. No. 19**: For the time period that Defendant placed telephone calls to the phone numbers identified in Interrogatory No. 1 and No. 2, state the name, title, current employer's name (if different), and current or last known residential and business addresses for each officer, agent, or employee who contributed to or was responsible for the preparation or maintenance, or the lack thereof if no such policies existed, of Defendant's policies which permitted the placement of the telephone calls which Plaintiff alleges violated the TCPA, FDCPA, FCCPA, along with a description of each officer, agent, or employees' involvement.

**Defendant's Response:** Objection. CBE objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff has failed to limit this request in scope to the specific statutory provisions at issue in this lawsuit, rending this request overly broad and unduly burdensome.  More importantly, all statutes at issue provide fro strict liability and CBE was withdrawn its bona fide error affirmative defense.  See, e.g., Gannon v. IC Sys., Inc., 09-60302-

CIV, 2009 WL2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). Information concerning those response for CBE's policies and procedure is not is not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013).

**Legal Reason No. 19**: Plaintiff's interrogatory is not overly broad, unduly burdensome or seeks irrelevant information.  Plaintiff has not failed to limit to the request to relevant time period, in fact, Plaintiff has specifically narrowed the scope to four years prior to the date of the filing of the complaint.  Defendant's argument that it has withdrawn its affirmative defense of Bona Fide Error does not resolve Plaintiff's TCPA, FDCPA and FCCPA claims.  The defendant has raised other affirmative defenses which Plaintiff could rebut upon reviewing the polices and procedures.  Second, the policies and procedures (or lack thereof) are relevant to show the Defendant knowingly or willfully violated the TCPA.  Id Paul; Rubin; Pollock.

**Interrog. No. 22**: State the full name and address, along with Defendant's account number, of each and every telephone company who has provided long-distance telephone service to Defendant for the time period of 4 years prior to the date of the filing of Plaintiff's complaint in this action up to the present moment and include the dates each carrier processed long-distance calls for Defendant.

**Defendant's Response:** Objection. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Plaintiff has failed to limit this request in scope to the relevant time period as demonstrated by the allegations in Plaintiff's Amended Complaint. Plaintiff has further failed to limit this request in scope to the telephone calls at issue in this case. As such, this request is overly broad and unduly burdensome. In light of Plaintiff's failure to limit this request to the appropriate scope, this request necessarily seeks irrelevant information which is not proportional to the needs of this case.

**Legal Reason No. 22**:  Plaintiff's interrogatory is not overly broad, unduly burdensome or seeks irrelevant information.  Plaintiff has not failed to limit to the request to relevant time period, in fact, Plaintiff has specifically narrowed the scope to four years prior to the date of the filing of the complaint.  Most importantly, long distance numbers and carriers provide a neutral

an unbiased determination of the amount of calls Defendant placed to Plaintiff.  Under the

TCPA, Plaintiff is entitled to $500 per call.  See 47 U.S.C. § 227 *et. al*.  Thus, Defendant should

be compelled to disclose this information.

**Interrog. No. 23:**  Identify each and every telephone number Defendant has used to place outgoing telephone calls for the time period of 4 years prior to the date of the filing of Plaintiff's complaint.

**Defendant's Response:** Objection. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Plaintiff has failed to limit this request in scope to the relevant time period as demonstrated by the allegations in Plaintiff's Amended Complaint. Plaintiff has further failed to limit this request in scope to the telephone calls at issue in this case. As such, this request is overly broad and unduly burdensome. In light of Plaintiff's failure to limit this request to the appropriate scope, this request necessarily seeks irrelevant information which is not proportional to the needs of this case.

> **Legal Reason No. 23**:  Same as articulated in the above Legal Reason No. 22.

**Interrog. No. 24**:  State whether Defendant has used cell scrubs for the time period of 4 years prior to the date of the filing of Plaintiff's complaint in this action up to the present moment and, if so, include the name and address of the party who performed any cell scrub and the date ranges within which Defendant used any cell scrub provider along with whether or not Defendant scrubbed any telephone number identified in Interrogatory No. 1 and No. 2 and the date of any such scrub.

**Defendant's Response:** Objection. Defendant objects to this request on the grounds that it overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff has failed to limit this request in scope to the relevant time period as demonstrated by the allegation in Plaintiff's Amended Complaint, rendering this request overly broad. In light of Plaintiff's failure to limit this request to the appropriate scope, this request necessarily seeks irrelevant information which is not proportional to the needs of this case. Moreover, none of Plaintiff's claims or allegations relate in any way to "cell scrubs" or Defendant's use thereof. As such, this request seeks information outside the scope of permissible discovery as the information sought is not relevant to any claim or defense.

> **Legal Reason No. 24**: Plaintiff's interrogatory is not overly broad, unduly burdensome or

seeks irrelevant information.  Plaintiff has specifically narrowed the scope to four years prior to

the date of the filing of the complaint.  Plaintiff's inquiry of "cell scrubs" are relevant because

the use of any cellular scrubbing would identify if CBE uses this resource to determine if the

number it's calling is a cellular telephone.  Debt collection companies routinely use this resource

to determine if the number it is dialing is a cellular telephone (as opposed to a residential) to

comply with the TCPA.  Finally, a failure to use cellular scrubs when such means are

commercially available is relevant to the specific allegation that CBE's actions were willful

under the TCPA.   See Paul v. Syndicated, Case No. 12-CIV-61547-WPD/Snow (DE 53 P. 5)

(S.D. Fla. Feb. 28, 2013); 47 U.S.C. § 227 *et. al.*

**Interrog.  No. 25**:  State whether Defendant has used skip-traces for the time period of 4 years
prior to the date of the filing of Plaintiff's complaint in this action up to the present moment and,
if so, include the name and address of the party who performed any skip-trace and the date
ranges within which Defendant used any skip-trace provider along with whether or not
Defendant performed a skip-trace on any telephone number identified in Interrogatory No. 1 and
No. 2 and the date of any such skip-trace.

**Defendant's Response:** Objection. Defendant objects to this request on the grounds that it
overly broad, unduly burdensome and seeks irrelevant information which is not proportional to
the needs of this case. Initially, Plaintiff has failed to limit this request in scope to the relevant
time period as demonstrated by the allegation in Plaintiff's Amended Complaint, rendering this
request overly broad. In light of Plaintiff's failure to limit this request to the appropriate scope,
this request necessarily seeks irrelevant information which is not proportional to the needs of this
case. Moreover, none of Plaintiff's claims or allegations relate in any way to "skip-traces" or
Defendant's use thereof. As such, this request seeks information outside the scope of permissible
discovery as the information sought is not relevant to any claim or defense.

**Legal Reason No. 25**:  Plaintiff's interrogatory is not overly broad, unduly burdensome

or seeks irrelevant information.  Plaintiff has specifically narrowed the scope to four years prior

to the date of the filing of the complaint.  Plaintiff's inquiry of "skip-traces" are relevant because

this is "the process of developing new telephone, address,…information on a customer, or

verifying the accuracy of such information."' Meyer v. Portfolio Recovery Assoc., LLC,707 F.3d

1036, 1040 n. 1 (9th Cir.2012) ,cert. denied, ––––U.S. ––––, 133 S.Ct. 2361, 185 L.Ed.2d 1068

(2013).  Echevaria v. Diversified Consultants, 2014 WL 929275, (S.D. N.Y Feb. 28, 2014).

Defendant has raised the affirmative defense of prior express consent.  The Court in Echevaria

held that because a skip trace was used to obtain Plaintiff's cellular telephone number, the

Plaintiff did not provide prior express consent.  Id.  Thus, Defendant shall be compelled to

answer the question.

## DEFENDANT'S COLLECTION EFFORTS AND COLLECTION AGREEMENTS

**RFP No. 7**: All agreements for the collection of debts between Defendant and the original
creditor or any subsequent creditor.

**Defendant's Response:** Plaintiff has defined "original creditor" as "the creditor with whom
Plaintiff allegedly incurred the debt Defendant sought to collect from Plaintiff." Plaintiff has
defined "subsequent creditor" as "any creditor subsequent to the original creditor to whom the
alleged debt of Plaintiff was transferred or who other acquired Plaintiff's debt."  Plaintiff has
defined "Plaintiff" "S. RYAN STRAUSS, or the person Defendant, or other acting on its behalf
was attempting to contact when it placed the calls stated in the Complaint." To the extent this
request seeks agreements between CBE and "any subsequent creditor", CBE has no documents
responsive to this request in its possession, custody or control, regardless of the meaning of
Plaintiff. To the extent this request seeks agreements between CBE and "the original creditor"
and "Plaintiff" as used in the definition of "original creditor" means "S. RYAN STRAUSS",
CBE has no documents responsive to this request in its possession, custody or control. To the
extent this request seeks agreements between CBE and "the original creditor" and "Plaintiff" as
used in the definition of "original creditor" means "the person Defendant […] was attempting to
contact when it placed the calls stated in the Complaint", CBE objects to this request on the
grounds that it seeks irrelevant information which is not proportional to the needs of this case
and seeks proprietary information which is protected by privilege. Initially, any agreements
between CBE and the original creditor are outside the scope of permissible discovery as it is
undisputed that CBE was not attempting to contact "S. RYAN STRAUSS" and never sought to
collect any debt from "S. RYAN STRAUSS". Moreover, the contents of CBE's agreements with
the original creditor contain private financial, trade secret and proprietary information protected
by privilege. See, FRE 501;Fla. Stat. §§ 90.5055; 90.506.

**RFP No. 8**:     All documents communicated between Defendant and the original creditor or any
subsequent creditor regarding Plaintiff.

**Defendant's Response**: Plaintiff has defined "Plaintiff" as "S. RYAN STRAUSS, or the person
Defendant, or other acting on its behalf was attempting to contact when it placed the calls stated
in the Complaint." To the extent Plaintiff as used in this requests means "S. RYAN STRAUSS",
CBE has no documents responsive to this request in its possession, custody or control. To the
extent Plaintiff as used in this request means "the person Defendant […] was attempting to
contact when it placed the calls stated in the Complaint", CBE objects to this request on the
grounds that it seeks private financial information regarding a non-party which CBE is
prohibited by law from disclosing. See, 15 U.S.C. § 1692c(b); Fla. Stat. § 559.72.

**RFP No. 10**:  Defendant's agreement with its client or principal for whom it was acting when it
sought to collect Plaintiff's alleged debt.

**Defendant's Response**: Plaintiff has defined "Plaintiff" as "S. RYAN STRAUSS, or the person Defendant, or other acting on its behalf was attempting to contact when it placed the calls stated in the Complaint." To the extent Plaintiff as used in this request means "S. RYAN STRAUSS", CBE has no documents responsive to this request in its possession, custody or control. To the extent Plaintiff as used in this request means "the person Defendant [...] was attempting to contact when it placed the calls stated in the Complaint", CBE objects to this request on the grounds that it seeks irrelevant information which is not proportional to the needs of this case and seeks proprietary information which is protected by privilege. Initially, any agreements between CBE and it client are outside the scope of permissible discovery as it is undisputed that CBE was not attempting to contact "S. RYAN STRAUSS" and never sought to collect any debt from "S. RYAN STRAUSS". Moreover, the contents of CBE's agreements with the original creditor contain private financial, trade secret and proprietary information protected by privilege. See, FRE 501; Fla. Stat. §§ 90.5055; 90.506.

**RFP No. 11**: All documents communicated between Defendant and its client or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

**Defendant's Response**: RESPONSE: Plaintiff has defined "Plaintiff" as "S. RYAN STRAUSS, or the person Defendant, or other acting on its behalf was attempting to contact when it placed the calls stated in the Complaint." To the extent Plaintiff as used in this requests means "S. RYAN STRAUSS", CBE has no documents responsive to this request in its possession, custody or control. To the extent Plaintiff as used in this request means "the person Defendant [...] was attempting to contact when it placed the calls stated in the Complaint", CBE objects to this request on the grounds that it seeks private financial information regarding a non-party which CBE is prohibited by law from disclosing. See, 15 U.S.C. § 1692c(b); Fla. Stat. § 559.72.

**Reasons to compel RFP 7, 8, 10-11**:  Plaintiff's Requests for Production 7, 8, 10-11 and are not overly broad, unduly burdensome or seeks irrelevant information.  The information the Defendant has previously provided is not proprietary or confidential and the Defendant has provided no factual support to this argument or provided a privilege log.  Plaintiff specifically narrowed the scope to four years prior to the date of the filing of the complaint. Finally, the requested documents are necessary for Plaintiff to prove that LiveVox and Verizon are vicariously liable under the TCPA. See 47 U.S.C. § 227 *et. al.*  Defendant's contract with its principal for whom it was attempting to collect a debt, is relevant to whether or not Defendant actually is a debt collector, a element that must be established by the Plaintiff under the FDCPA and a pre-requisite to establish liability in the case.

Most importantly, as noted by the Defendant, Plaintiff's request covers, "Jose Baez," the person Defendant was attempting to contact when it placed the calls stated in the Complaint. The Defendant purports a lack of disclosure to comply with the law, but they have already disclosed the debtor's true identity.  These documents will likely show the telephone numbers, other than the Plaintiff, that Defendant had in their possession when they were attempting to contact the right debtor which is probative to establish willful violations under federal law.  Thus, Defendant's objection should be overruled and Defendant should be compelled to produce its all other documents and to provide a supplemental response to Request number 7, 8, 10 and 11.

### TRAINING GUIDELINES TO COMPLY WITH TCPA, FDCPA, FCCPA

**RFP No. 12**: All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the TCPA, FDCPA, FCCPA.

**Response**: Objection. CBE objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff has failed to limit this request in scope to the provisions of the TCPA, FDCPA and FCCPA at issue in this lawsuit, rendering this request overly broad and unduly burdensome. More importantly, this request seeks information which is neither relevant nor proportional to the needs of this case as all statutes at issue provide for strict liability and CBE was withdrawn it bona fide error affirmative defense. See, e.g., Gannon v. IC Sys., Inc., 09-60302-CIV, 2009 WL2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). Training information and documentation is not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013).

**RFP No. 13**: All documents acknowledging training by the Defendant regarding the TCPA, FDCPA, FCCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by the Defendant.

**Defendant's Response**:  Objection. CBE objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff has failed to limit this request in scope to the provisions of the TCPA, FDCPA and FCCPA at issue in this lawsuit, rendering this request overly broad and unduly burdensome. More importantly, this request seeks information which is neither relevant

nor proportional to the needs of this case as all statutes at issue provide for strict liability and CBE was withdrawn it bona fide error affirmative defense. See, e.g., Gannon v. IC Sys., Inc., 09-60302-CIV, 2009 WL2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). Training information and documentation is not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). CBE further objects to disclosing personal information concerning its employees on the grounds that it violates CBE's employees right to privacy."

**RFP No. 19**: All scripts used by the Defendant's employees with respect to collection of debts from individuals via telephone.

**Response**: Objection. Defendant objects to this request on the grounds that it seeks information which is neither relevant nor proportional to the needs of this case.  Specifically, all conversations at issue in this case were recorded and those recording have been produced.

**Reasons to compel RFP 12, 13, 19**:  Plaintiff's Requests for Production are not overly broad, unduly burdensome, seek irrelevant information and will not disclose private information. Plaintiff has not failed to limit to the request to relevant time period; in fact, Plaintiff has specifically narrowed the scope to four years prior to the date of the filing of the complaint. Defendant has provided no factual support for its contention that this request is overly broad or irrelevant or how such guidelines to comply with the law (emphasis added) are proprietary. Pursuant to Local Rule 26.1(g), when asserting a claim of privilege, a party must provide a privilege log. Training guidelines of employees, including those who may have made contact with Plaintiff are relevant to establish if Defendant knowingly and willfully violated the TCPA. Moreover, the lack of such policies or training substantiates Plaintiff's allegation that the phone calls were placed knowingly and intentionally despite Plaintiff's request to cease calling.  See 47 U.S.C. § 227 (b)(3)(B).  Thus RFP's 12, 13, and 19 shall be produced.

**DEFENDANT'S DIALING SOFTWARE**

**RFP No. 24**: All internal documents of the Defendant regarding the use of its collection manuals and collection efforts.

**Defendant's Response**: Objection. CBE objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff has failed to limit this request in scope to the provisions of the TCPA, FDCPA and FCCPA at issue in this lawsuit, rendering this request overly broad and unduly burdensome. More importantly, this request seeks information which is neither relevant nor proportional to the needs of this case as all statutes at issue provide for strict liability and CBE was withdrawn it bona fide error affirmative defense. See, e.g., Gannon v. IC Sys., Inc., 09-60302-CIV, 2009 WL2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). Training information and documentation is not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). Information and documentation concerning CBE's "collection manuals" is not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C.; see also, Sanchez v. Cardon Healthcare Network, LLC; Finally, CBE objects to this request on the grounds that it seeks proprietary information protected by privilege. See, FRE 501; Fla. Stat. § 90.506."

**RFP No. 25:** All manuals for all software programs, computer hardware and automatic telephone dialing systems used by the Defendant in its business of collecting debt.

**Response**: Objection. Defendant objects to this request on the grounds that it is vague, ambiguous and confusing. Specifically, Plaintiff has failed to define "automated dialing equipment" which renders this request vague, ambiguous and confusing. Additionally, to the extent that Plaintiff is using "automated dialing equipment" interchangeably with the "automated telephone dialing system", this interrogatory impermissibly calls for a legal conclusion. See, e.g., Legg v. Voice Media Group, Inc., 13-62044-CIV-COHN, 2014 WL 1767097, at *4 (S.D. Fla. May 2, 2014). As for the remainder of this request, Plaintiff has failed to limit this request in scope to the "software programs [and] computer hardware" used in conjunction with the collection efforts at issue in this case, rendering this request overly broad and unduly burdensome. Moreover, such information is not within the permissible scope of discovery as CBE has produced documentation and recordings demonstrating all communications between CBE and Plaintiff. Finally, CBE objects to this request on the grounds that it seeks proprietary information protected by privilege. See, FRE 501; Fla. Stat. § 90.506."

    **Reasons to compel RFP No. 24 and 25:**  Plaintiff's request for production are not overly

broad, unduly burdensome, seeks irrelevant information or proprietary.  Plaintiff has specifically

narrowed the scope to four years prior to the date of the filing of the complaint. This request is

relevant to the burden that Plaintiff has under the TCPA to prove that Defendant's dialing device

was an ATDS as that term is defined by the TCPA and the Federal Communication

Commission's ("FCC") Regulatory Orders. Under the Act, an ATDS means "equipment which

has the capacity to store or produce telephone numbers to be called…and to dial such numbers."

47 U.S.C. § 227(a)(1). The FCC has further clarified this definition, and has held that an

automatic telephone dialing system is a dialing system that has "the capacity to dial numbers

without human intervention." Id.  Manufacturers provide an operating manual with dialing

system software, including information on how the dialing system operates.  Defendant has

failed to provide a privilege log supporting this objection. The manual for Defendant's automatic

telephone dialing system will show whether the device meets the definition of an ATDS under

the act, namely, whether it can dial telephone numbers without human intervention. Thus, the

specifics of Defendant's dialing device are relevant to the elements of proof of Plaintiff's claim.

Thus, Defendant's objections should be overruled and Defendant should be compelled to

produce its dialer manuals and provide a supplemental response to Requests number 24 and 25.

See Paul v. Syndicated, Case No. 12-CIV-61547-WPD/Snow (DE 53 P. 5) (S.D. Fla. Feb. 28,

2013); Rubin v. Northland Group, Inc., Case No. 12-80320-Civ-Ryskamp/Hopkins (S.D.

Fla.August 13, 2012); Pollock v. Northland Group, Inc., Case No. 12-80335-Civ-

Ryskamp/Hopkins (S.D. Fla. August 22, 2012).  Thus, RFP's 24 and 25 shall be compelled.

### POLICIES AND PROCEDURES, PRIOR LITIGATION, COMPLAINTS

**RFP No. 14**: All complaints against Defendant from any governmental agency.

**Response**: Objection. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks irrelevant information which is not proportional to the needs of this case. Initially, Plaintiff has failed to limit this request in scope to complaints similar to Plaintiff's allegations, rendering this request overly broad and unduly burdensome. More importantly, the information sought is not relevant, admissible or proportional to the needs of this case. See, e.g., See, e.g., Barnello v. Bayview Loan Servicing, LLC, 614-CV-1383-ORL-41TBS, 2015 WL 5782346, at *11 (M.D. Fla. Sept. 2, 2015); Richard v. Oak Tree Group Inc., 1:06-CV-362, 2008 WL 5060319 (W.D. Mich. 2008); Anderson v. Frederick J. Hanna &

Associates, 361 F. Supp. 2d 1379, 1384 (N.D. Ga. 2005); Powell v. Computer Credit, Inc., 975 F. Supp. 1034, 1039 (S.D. Ohio 1997) aff'd, 97-3979, 1998 WL 773989 (6th Cir. 1998); Cusumano v. NRB, Inc., No. 96 C 6876, 1998 WL 673833, at *2 (N.D.Ill. Sept. 23, 1998); Dewey v. Associated Collectors, Inc., 927 F.Supp. 1172, 1175-76 (W.D.Wis.1996). Whether or not complaints have been made against CBE has no tendency to make any fact at issue more or less probable nor is such information proportional to the needs of this case and, as such, this interrogatory falls outside the scope of permissible discovery. See, FRE 403; Fed.R.Civ.P. 26; see also, Barnello v. Bayview Loan Servicing, LLC, 614CV1383ORL41TBS, 2015 WL5782346, at *11 (M.D. Fla. Sept. 2, 2015)("Because a claim was made does not mean that it was well founded or that it has any relation to the claims in this case.")

**RFP No. 15**: All complaints against Defendant from the Better Business Bureau.

**Response**: Same as 14.

**RFP No. 17:** All litigation filed against the Defendant alleging violations of the Telephone Consumer Protection Act.

**Response**: Same as response in above paragraph 14, citing only to "See, FRE 403; Fed.R.Civ.P. 26; see also, Barnello v. Bayview Loan Servicing, LLC, 614CV1383ORL41TBS, 2015 WL 5782346, at *11 (M.D. Fla. Sept. 2, 2015)("Because a claim was made does not mean that it was well founded or that it has any relation to the claims in this case.")"

**RFP No. 26**: All policies and procedures for communication of voicemail messages to individuals in an attempt to collect a debt.

**Response**: Objection. CBE objects to this request on the grounds that it seeks irrelevant information, which is not proportional to the needs of this case. Initially, none of Plaintiff's claims or allegations relate in any way to "voicemail messages" and, as such, the information sought through this request is outside the scope of permissible discovery. Moreover, policies and procedures are not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). Finally, CBE objects to this request on the grounds that it seeks proprietary information protected by privilege. See, FRE 501; Fla. Stat. § 90.506.

**RFP No. 27**: All policies and procedures regarding Defendant's use of an automatic telephone dialing system in an attempt to collect debts including, but not limited to how employees are trained when instructed by a consumer to stop calling and/recorded telephone calls.

**Response**: Objection. CBE object to this request on the grounds that it calls for a legal conclusion. See, e.g., Legg v. Voice Media Group, Inc., 13-62044-CIV-COHN, 2014 WL 1767097, at *4 (S.D. Fla. May 2, 2014). CBE further objects to this request on the grounds that it seeks irrelevant information which is not proportional to the needs of this case. Policies, procedures and information related to employee training are not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488

(W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). Finally, CBE objects to this request on the grounds that it seeks proprietary information protected by privilege. See, FRE 501; Fla. Stat. § 90.506.

**RFP No. 28**:  All policies and procedures regarding Defendant's use of an artificial or prerecorded voice in its attempt to collect debts.

**Response**: Objection. CBE objects to this request on the grounds that it seeks irrelevant information which is not proportional to the needs of this case as all statutes at issue provide for strict liability and CBE was withdrawn it bona fide error affirmative defense. See, e.g., Gannon v. IC Sys., Inc., 09-60302-CIV, 2009 WL 2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). Information and documentation concerning CBE's "policies and procedures" is not discoverable in the absence of a bona fide error affirmative defense. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon HealthcareNetwork, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). Finally, CBE objects to this request on the grounds that it seeks proprietary information protected by privilege. See, FRE 501; Fla. Stat. § 90.506.

**RFP No. 39:** All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the TCPA, FDCPA, FCCPA.

**Response**:  Same as 28 above.

**RFP No. 40:** All documents, audiotapes and videotapes evidencing the supervision of its employees by the Defendant.

**Response**: Same as 12, but added "Information and documentation concerning CBE's supervision of its employees is not discoverable in this case. See, Gillen v. Kohn Law Firm, S.C., 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, Sanchez v. Cardon Healthcare Network, LLC, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013).

**RFP No. 42:** Personnel files of all current and former employees of Defendant who have contacted Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

**Response**: Objection. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information outside the scope of permissible discovery. This request seeks information which is neither relevant nor proportional to the needs of this case as all statutes at issue provide for strict liability and CBE was withdrawn it bona fide error affirmative defense. See, e.g., Gannon v. IC Sys., Inc., 09- 60302-CIV, 2009 WL 2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). As such, information and

documentation concerning CBE's employees' personal information is not discoverable in this case. See, <u>Gillen v. Kohn Law Firm, S.C.</u>, 2014 WL 3784488 (W.D.Wis., July 31, 2014); <u>see also</u>, <u>Sanchez v. Cardon Healthcare Network, LLC</u>, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). CBE further objects to producing the information sought on the grounds that it violated CBE's employees' right to privacy.

**RFP No. 44**: Personnel files of all current and former employees of Defendant who have approved of any communication with Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

**Defendant's Response**:  Plaintiff has defined "Plaintiff" as "S. RYAN STRAUSS, or the person Defendant, or other acting on its behalf was attempting to contact when it placed the calls stated in the Complaint." To the extent Plaintiff as used in this requests means "S. RYAN STRAUSS", CBE has no documents responsive to this request in its possession, custody or control. To the extent Plaintiff as used in this request means "the person Defendant […] was attempting to contact when it placed the calls stated in the Complaint", CBE objects to this request on the grounds that it is overly broad, unduly burdensome and seeks information outside the scope of permissible discovery. This request seeks information which is neither relevant nor proportional to the needs of this case as all statutes at issue provide for strict liability and CBE was withdrawn it bona fide error affirmative defense. See, e.g., <u>Gannon v. IC Sys., Inc.</u>, 09-60302-CIV, 2009 WL 2075244, at *5 (S.D. Fla. July 13, 2009)("compliance with the FDCPA (and therefore the FCCPA) is generally one of strict liability"); <u>Alea London Ltd. v. American HomeServices, Inc.</u>, 638 F.3d 768, 776 (11th Cir. 2011)("The TCPA is essentially a strict liability statute"). As such, information and documentation concerning CBE's employees' personal information is not discoverable in this case. See, <u>Gillen v. Kohn Law Firm, S.C.</u>, 2014 WL 3784488 (W.D.Wis., July 31, 2014); see also, <u>Sanchez v. Cardon Healthcare Network, LLC</u>, 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *1 (M.D. Fla. May 29, 2013). CBE further objects to producing the information sought on the grounds that it violated CBE's employees' right to privacy.

### <u>Reasons to compel RFP No. 14, 15, 17, 26, 27, 28, 42, 40 and 44</u>: First, Plaintiff defines

the scope as within the four years leading up to the filing of the complaint as applicable under the

TCPA and two years under the FCCPA.  Defendant has provided no factual support for its

contention that this request is overly broad. Whether Defendant has been previously sued for

violations of the TCPA is relevant to a determination of Plaintiff's damages. Under the TCPA,

treble damages may be awarded where the conduct is "willful or knowing." 47 U.S.C. § 227

(b)(3)(C). Defendant's knowledge of the TCPA from prior suits, and the date of those suits, is

relevant to this element of damages. <u>See Fillichio v. MRS Associates, Inc.</u>, Case No.: 09-61629-

Civ-Jordan (S.D. Fla. October 25, 2010); Further, the existence of other complaints to the Better

Business Bureau or governmental agencies is relevant to whether Defendant knew the violation Plaintiff alleges was occurring before it placed the violative calls to Plaintiff.  Plaintiff intends to show such complaints are probative to the Defendant's willful or knowing violation of the Act. See Paul v. Syndicated, Case No. 12-CIV-61547-WPD/Snow (DE 53 P. 5) (S.D. Fla. Feb. 28, 2013); Rubin v. Northland Group, Inc., Case No. 12-80320-Civ-Ryskamp/Hopkins (S.D. Fla.August 13, 2012); Pollock v. Northland Group, Inc., Case No. 12-80335-Civ-Ryskamp/Hopkins (S.D. Fla. August 22, 2012).  Thus, Defendant's objection should be overruled and Defendant should be compelled to produce the complaints and prior litigation, and to provide a supplemental response to Requests for production.

Plaintiff also has a right to discovery of policies and procedures under the TCPA. Defendant has provided no factual support for its contention that this request is overly broad, proprietary, irrelevant. Pursuant to Local Rule 26.1(g), when asserting a claim of privilege, a party must provide a privilege log.  Whether or not Defendant has procedures regarding the TCPA is necessary to determine if Defendant's conduct was willful or knowing in violation of the TCPA and their affirmative defenses.  Defendant has previously admitted to maintaining policies and procedures under the TCPA and FDCPA [See. Ex. F – Deposition Transcript – Justin Comer]. This information is not proprietary, and importantly, Defendant has failed to provide a privilege log supporting this objection. Regarding Defendant's policies and procedures to avoid litigation under the FDCPA, the Court has not dismissed Plaintiff's claims under the FDCPA and Defendant should be required to respond to this request. See Paul v. Syndicated, Case No. 12-CIV-61547-WPD/Snow (DE 53 P. 5) (S.D. Fla. Feb. 28, 2013).  Thus, Defendant's objection should be overruled and Defendant should be compelled to produce its policies and procedures and provide a supplemental response to Requests number 14, 15, 17, 26, 27, 28, and

39, 40, 42 and 44.

## CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)

The undersigned counsel certifies that he has conferred with Defendant's counsel in a good faith effort to resolve the issues in this Motion and has been unable to do so.

WHEREFORE, Plaintiff requests an order requiring Defendant to provide better answers and responsive documents before the deposition on January 8 2015.

Respectfully submitted,
Scott R. Strauss
Pro. Se Plaintiff
2825 N.E. 26th St.
Fort Lauderdale, Florida 33305
Telephone: (954) 557-5702
sryanstrauss@outlook.com

/s/ S. Ryan Strauss
Florida Bar No. 74425

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-cv-62026 COHN/SELTZER

S. RYAN STRAUSS,

Plaintiff,

v.

THE CBE GROUP, INC.,
LIVEVOX, INC., AND
JOHN DOE
Defendants.

_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 2, 2016, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is

being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

/s/ S. Ryan Strauss

**SERVICE LIST**
**GOLDEN SCAZ GAGAIN, PLLC**
Mr. Dale Golden, Esq.
201 N. Armenia Ave.
Tampa, Florida 33609-2303
Telephone: 813-251-5500
Facsimile: 813-251-3675

**GOLDEN SCAZ GAGAIN, PLLC**
Mr. Benjamin W. Raslavich
201 N. Armenia Ave.
Tampa, Florida 33609-2303
Telephone: 813-251-5500
Facsimile: 813-251-3675