UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:15-cv-62026 COHN/SELTZER

S. RYAN STRAUSS,

    Plaintiff,

v.

THE CBE GROUP, INC.,
and
VERIZON NEW ENGLAND, INC.
    Defendants.

_____/

## SECOND AMENDED COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Florida Consume Collection Practices Act, Fla. Stat. § 559.55 et. seq. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331. <u>Mims v. Arrow Fin. Servs. LLC,</u> 132 S. Ct. 740 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant, The CBE Group, Inc.

("CBE") placed telephone calls into this District and Defendant, on behalf of Defendant, VERIZON NEW ENGLAND, Inc. ("Verizon").

3. This Court has supplemental jurisdiction under 28 U.S.C. 1367 to hear and decide any related state law issues.

4. The Court has the authority to grant injunctive relief under Fla. Stat. §934.10.

## PARTIES

5. Plaintiff, S. RYAN STRAUSS ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant, CBE, is subject to the provisions of Fla. Stat. 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.55(1).

7. Defendant, CBE, is a corporation with its principal place of business at 1309 Technology Parkway, Cedar Falls, IA 50613.

8. Defendant, CBE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant, CBE, regularly collects or attempts to collect debts for other parties.

10. Defendant, CBE, is a "debt collector" as defined in the FDCPA.

11. Defendant, CBE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. Defendant, Verizon, is a business entity, which is the creditor on whose behalf, CBE, was attempting to collect an alleged debt.

13. Defendant, Verizon, is a corporation with its principal place of business at 125 High St., Oliver Tower, 7th Floor, New England, MA 02210.

14. Because Verizon is the creditor on whose behalf CBE placed the calls, each are jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

15. Beginning on or around April 14, 2014, Defendants, CBE, acting on behalf or at the request of Verizon, attempted to communicate with

Plaintiff on his cellular telephone with pre-recorded messages and/or using an Automatic Telephone Dialing System ("ATDS").

16. Plaintiff's Cellular telephone ends in '754-xxx-4379' (the full cellular telephone number was previously provided to Counsel for CBE.

17. Plaintiff was the sole user of the cellular telephone and has never had any prior dealings with CBE and Verizon.

18. Beginning April 14, 2014 through at least September 25, 2014, in addition to telephone calls, which were answered by the Plaintiff, Defendants called Plaintiff's cellular telephone and hung up on several occasions.

19. Previous courts have held LiveVox uses an ATDS as a matter of law to communicate with consumers on their cellular telephones. See Brown v. Account Control Technology, Inc., Case No.: 0:13-62765-cv-WPD (S.D. Fla. January 15, 2015) [DE 36]; Bianchi v. Bronson & Migliaccio, LLP, Case No.: 0:09–cv–61164–UU, (S.D. Fla. May 27, 2010) [D.E. 59 at 5].

20. The Debt arose from consumer services provided by Verizon which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5)

21. On several occasions, Plaintiff answered his cellular telephone and was greeted with "dead air" for approximately 2-5 seconds and then was transferred to a live employee, and then told was told the call was being recorded, collectively known as ("phone calls").

22. On one particular occasion, Plaintiff answered his cellular telephone and was greeted with dead air for approximately 35-45 seconds before an employee working for the Defendants greeted the Plaintiff.

23. Defendant, CBE acting on behalf of Verizon, placed similar or identical phone calls using an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone on behalf of Verizon.

24. All of the telephone calls directed at Plaintiff were an attempt to collect a debt from a person who is unknown to him.

25. The phone calls placed by Defendants, CBE, were "communications" as defined by 15 U.S.C 1692a(2).  See <u>Baker v. Allstate Fin. Servs., Inc.</u>, 554 F. Supp. 2d 945 (D. Minn. 2008); <u>Berg v. Merchs, Ass'n Collection Div.</u>, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

26. On numerous times, Plaintiff instructed Defendants they did not have permission to call him on a recorded line.

27. Even though the law does not require Plaintiff to notify the Defendant's they are calling the wrong party, Plaintiff instructed Defendants to stop the phone calls. See Fillichio v. M.R.S. Associates, Inc., No. 09-61629-CIV, 2010 WL 4261442, at 5 (S.D. Fla. Oct. 19, 2010).

28. Defendants, CBE , placed several more phone calls to plaintiff on recorded telephone lines.

29. Plaintiff had no knowledge of the purported recipient of the phone calls and has no obligation of any debt owed.

30. Based upon information and belief, Defendants knew they were calling thousands of wrong parties everyday.

31. Defendants had the resources to determine if they were calling the right party, but negligently and/or intentionally did not utilize these resources readily available to them.

32. Verizon desired to monitor the phone calls that CBE or LiveVox were placing on behalf of Verizon to ensure compliance with Federal and State laws and regulations.

33. In order for Verizon to monitor the phone calls, CBE agreed to allow Verizon to access CBE's Voice Portal(s), either through CBE voice portals directly or through LiveVox database.

34. None of Defendants telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

35. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TCPA REGARDING CBE AND VERIZON

36. Plaintiff incorporates Paragraphs 1 through 35.

37. Defendant CBE, or others acting at its request, on behalf of Verizon, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

38. Because Verizon is the creditor on whose behalf of CBE placed the calls, each are jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, CBE, and VERIZON for:

    a. Damages;

    b. a declaration that Defendants calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FDCPA 15 U.S.C.§1692 et. seq.

39.    Plaintiff incorporates Paragraphs 1 through 35.

40.    The Defendant, CBE conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

41.    The Defendant, CBE, conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass. See <u>Dunning v. Portfolio Recovery Associates</u>, LLC, 903 F.Supp.2d 1362 (S.D.Fla.2012).

42.    The Defendant, CBE, conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CBE for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE FCCPA- THE CBE GROUP, INC

43. Plaintiff incorporates Paragraphs 1 through 35.

44. In collecting consumer debts, no person shall… willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

45. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff.

46. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), 559.72(18).

47. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

48. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

49. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, CBE, for:

a. Damages, both statutory and actual;

b. Declaring that Defendant's practices are in violation of the FCCPA;

c. Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> S. Ryan STRAUSS, ESQ.
> PRO SE
> 2825 NE 26th St.
> Ft. Lauderdale, FL 33305
> Telephone: 954-557-5702
> sryanstrauss@outlook.com
>
> By: s/ S. Ryan Strauss
> S. Ryan Strauss, Esq.
> Florida Bar No. 74425