UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62026-CIV-COHN/SELTZER

S. RYAN STRAUSS,

    Plaintiff,

vs.

THE CBE GROUP, INC.,
LIVEVOX, INC., and
JOHN DOE,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Plaintiff's Motion to Compel Better Testimony [DE 61]. Plaintiff seeks "better testimony" from Defendant, The CBE Group, Inc. ("CBE"), on several areas of inquiry.

In addition to addressing the merits of Plaintiff's Motion to Compel, Defendant argues that the Motion to Compel fails to comply with Local Rule 26.1(g)(2), which requires the moving party to set forth the verbatim deposition questions and objections at issue in the motion. Compliance with Local Rule 26.1(g)(2) is mandatory and failure to comply is grounds for striking the motion to compel. Habersham Plantation Corp. v. Molyneux, No. 10 61526 CIV, 2011 WL 1832782, at *4 (S.D. Fla. May 5, 2011)(Snow, J.).

The Court has carefully reviewed Plaintiff's Motion to Compel Better Testimony and finds that, at least as to certain areas of inquiry, the motion clearly sets forth the questions and objections at issue. The Court will rule on the merits of those areas. As to the remaining portions of the Motion to Compel, where the disputed questions and testimony

are unclear and not discretely identified, the Court will strike the motion for failure to comply with Local Rule 26.1(g)(2).

The first area of inquiry that Plaintiff seeks to compel relates to "How much of CBE's revenue comes from Verizon?" Defense counsel instructed the witness not to answer because the information sought is "private, trade secret information and it's got nothing to do with this lawsuit." Plaintiff offers no reason to support this area of inquiry; indeed, CBE's revenue from Verizon was not listed as a Matter Upon Which Examination Is Requested on the Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) [DE 61-1]. Plaintiff having made no showing of relevancy, need, or entitlement to information about CBE's revenue from Verizon, the Motion to Compel will be denied as to that subject area.

The next area of inquiry is the question about "what 'RES' stands for on the call notes." The witness answered, "Nothing. Kind of like CBE." Although Plaintiff claims to not be satisfied with that answer, he failed to ask follow up questions at the deposition to explore and enlarge the witness' answer. Plaintiff will not be allowed a second attempt at questioning when the question was, indeed, answered, albeit not to Plaintiff's post-deposition satisfaction. Therefore, the Motion to Compel will be denied as to the area of what "RES" means.

The remainder of Plaintiff's Motion to Compel fails to set forth in any coherent fashion the specific questions and answers for which he seeks review, as required by Local Rule 26.1(g)(2). Accordingly, the Court will strike the remainder of the Motion to Compel.

For all of the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Motion to Compel Better Testimony [DE 61] is **DENIED IN PART and STRICKEN IN PART.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of March, 2016.

_____
BARRY S. SELTZER
United States Magistrate Judge

copies furnished counsel via CM/ECF